UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CLYDE STOKES on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GULF DISTRIBUTING CO. OF MOBILE, LLC<br><br>　　　　Defendant. | CIVIL ACTION NO.: 17-443<br><br>SECTION:<br><br>MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. This is a collective action brought by Plaintiff Clyde Stokes ("Plaintiff") on behalf of individuals who, since October 2014, previously worked or currently work for Gulf Distributing Co. of Mobile, LLC ("Defendant") as draft technicians and similarly situated hourly employees and who were not paid minimum wage and/or overtime for all hours worked due to Defendant's policies of (1) not paying employees overtime, even when they worked in excess of 40 hours per week (Overtime FLSA Collection Action Class) and (2) forcing employees to "volunteer" to work at special offsite events, including festivals, for which they were not paid at all (Volunteer FLSA Collective Action Class. In this manner, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In addition, Mr. Stokes asserts an individual claim under the Family Medical Leave Act ("FMLA"), and an individual claim for retaliation under the FLSA.

1

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Alabama, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff Clyde Stokes was a resident of Mobile County, State of Alabama, who worked for Defendant as a draft technician who often worked for Defendant in excess of 40 hours per week, but was not paid at the appropriate overtime rate for all overtime hours so worked. In addition, he was forced by Defendant to "volunteer" to work at special offsite events, such as festivals, for which he was not paid.

5. Those persons who have not yet joined this action, but who were similarly employed by Defendant as draft technicians and similarly situated hourly employees and similarly subjected to Defendant's unlawful failure to pay overtime are referred to

herein as the "Overtime FLSA Collective Action Plaintiffs."

6. The persons who have not yet joined this action, but who are similarly employed by Defendant and who were forced to "volunteer" during special offsite events, including festivals, and were similarly subjected to Defendant's unlawful failure to pay minimum wage and overtime are referred to herein as "Volunteer FLSA Collective Action Plaintiffs."

7. Defendant Gulf Distributing Co. of Mobile, LLC is a domestic corporation authorized to do and doing business in the County of Mobile, State of Alabama. For all times pertinent herein, Defendant was Plaintiff's employer for the purposes of the FLSA.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

8. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were the "employees" of Defendant within the meaning of FLSA.

11. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the Plaintiff and the FLSA

Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

14. All previous paragraphs are incorporated as though fully set forth herein.

15. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of two classes of persons:

    a. draft technicians and similarly situated hourly employees who worked for Defendant, but who were not paid all overtime for which they were owed due to Defendant's scheme whereby it failed to pay overtime, which is in violation of the FLSA "Overtime FLSA Collective Action"; and

    b. all employees of Defendant who were forced to "volunteer" to work during special offsite events, including festivals, for which they were not paid "Volunteer FLSA Collective Action."

16. With respect to the Overtime FLSA Collective Action, Plaintiff brings this case as a collective action under the FLSA to recover unpaid overtime, liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendant.

17. Plaintiff estimates that there are dozens of members of the Overtime FLSA Collective Action Plaintiffs who have been affected by Defendant's improper policies and practices based on Defendant's treatment of all draft technicians and similarly situated hourly employees in this manner and the turnover rate of Defendant's employees in the last three years.  It would be impractical to join all of those employees and former employees in this action.

18. The precise number of Overtime FLSA Collective Action Plaintiffs can be easily identified and located using Defendant's timesheets, payroll and personnel records. Given the composition and size of the Overtime FLSA Collective Action Plaintiffs, potential opt-in class members may be informed of the pendency of this Overtime FLSA Collective Action by direct mail, text message and/or email.

19. This Overtime FLSA Collective Action is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent. Plaintiff and similarly situated employees were subject to the same uniform job scheduling policies, payment practices, and operational procedures. Further, Defendant's willful policy or practice, whereby it has failed to pay its employees all overtime owed to them, has affected Plaintiff and similarly situated employees in the same fashion, and Plaintiff is in the best position to represent all members of the Overtime FLSA Collective Action class as a whole.

20. In addition, because Defendant applied its unlawful employment and payment policies in the same manner to all potential members of the Overtime FLSA Collective Action Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the Court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

21. Plaintiff requests the Court to authorize notice to the Overtime FLSA Collective Action Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime wages and liquidated damages under the FLSA.

22. With respect to the Volunteer FLSA Collective Action, Plaintiff brings this case as a collective action under the FLSA to recover unpaid minimum wages, unpaid overtime, liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendant.

23. Plaintiff estimates that there are dozens of members of the Volunteer FLSA Collective Action Plaintiffs who have been affected by Defendant's improper policies and practices based on Defendant's treatment of all draft technicians and similarly situated hourly employees in this manner and the turnover rate of Defendant's employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

24. The precise number of Volunteer FLSA Collective Action Plaintiffs can be easily identified and located using Defendant's timesheets, payroll and personnel records. Given the composition and size of the Volunteer FLSA Collective Action Plaintiffs, potential opt-in class members may be informed of the pendency of this Volunteer FLSA Collective Action by direct mail, text message and/or email.

25. This Volunteer FLSA Collective Action is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent. Plaintiff and similarly situated employees were subject to the same uniform job scheduling policies, payment practices, and operational procedures. Further, Defendant's willful policy or practice, whereby it has failed to pay its employees all overtime owed to them, has affected Plaintiff and similarly situated employees in the same fashion, and Plaintiff is in the best position to represent all members of the Volunteer FLSA Collective Action class as a whole.

6

26. In addition, because Defendant applied its unlawful employment and payment policies in the same manner to all potential members of the Volunteer FLSA Collective Action Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the Court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

27. Plaintiff requests the Court to authorize notice to the Volunteer FLSA Collective Action Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime wages and liquidated damages under the FLSA.

**STATEMENT OF THE FACTS**

28. Defendant operates a business known as "Gulf Distributing Co. of Mobile, LLC " in Mobile, Alabama.  Defendant primarily contracts with MillerCoors and other brewing companies and part of their agreement with these companies is to clean the lines for draft beer every ten days.

29. In connection with this business, Defendant employees draft technicians and other hourly persons to perform this work.

30. In April, 2014, Plaintiff was hired by Defendant to perform draft line cleaning services.  At that time, Plaintiff was classified as Defendant's "employee."

31. Plaintiff ceased working for Defendant on October 2, 2015.

32. During Plaintiff's tenure as an employee of Defendant, Defendant exercised total control over the time, place and manner of Plaintiff's work.  Plaintiff had no ability to

control his schedule, the place or time he would work or with whom he would be working during the time he spent working for Defendant.

33. Defendant controlled the schedule, time, place and manner of the performance of their job duties for all persons it employed, including those who comprise the Overtime FLSA Collective Action Plaintiffs and the Volunteer FLSA Collective Action Plaintiffs.

34. Plaintiff was paid by the hour during the time that he worked for Defendant.

35. For the entire time he worked for Defendant, Plaintiff regularly and routinely worked in excess of 40 hours per week.

36. However, Defendant failed to pay overtime as a company policy.

37. Defendant treated all draft technicians and all hourly workers in this manner.

38. In so doing, Defendant deprived Plaintiff (and the Overtime FLSA Collective Plaintiffs) of the full amount of overtime wages they were owed as mandated by the FLSA.

39. Documentation concerning the number of hours actually worked by Plaintiff and the Overtime FLSA Collective Action Plaintiffs and the compensation actually paid to Plaintiff and Overtime FLSA Collective Action Plaintiffs, should be in the possession and custody and control of Defendant.

40. Defendant has violated Title 29 U.S.C. §207 from at least October 2014 and continuing through the present in that:

    a.    Plaintiff and other employees, including those who comprise the Overtime FLSA Collective Action Plaintiffs, performed services as employees for Defendant;

    b.    No payments, or provisions for payment, have been made by Defendant to

properly compensate Plaintiff or draft technicians and similarly situated hourly employees, including those who comprise the Overtime FLSA Collective Plaintiffs, at the mandatory one and one half times their actual hourly rate of pay, as set forth in the FLSA; and

    c.    Defendant has Overtime failed to maintain proper time records as mandated by the FLSA for Plaintiff and the FLSA Collective Plaintiffs.

41. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions with respect to Plaintiff and the Overtime FLSA Collective Plaintiffs.

42. In addition, while he worked for Defendant, Defendant required Plaintiff to work during special offsite events, including festivals.

43. However, rather than pay Plaintiff for this work, Defendant instead treated him as "volunteer" and did not pay him at all for his work.

44. Defendant required other employees to "volunteer" for offsite events and festivals, as well.

45. In so doing, Defendant deprived Plaintiff (and the Volunteer FLSA Collective Plaintiffs) of the full amount of minimum wages and/or overtime wages they were owed as mandated by the FLSA.

46. Documentation concerning the number of hours actually worked by Plaintiff and the Volunteer FLSA Collective Action Plaintiffs and the compensation actually paid to Plaintiff and the Volunteer FLSA Collective Action Plaintiffs, should be in the possession and custody and control of Defendant.

47. Defendant has violated Title 29 U.S.C. §207 from at least October 2014 and continuing through the present in that:

    a. Plaintiff and other employees, including those who comprise the Volunteer FLSA Collective Action Plaintiffs, performed services as employees for Defendant;

    b. No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff and the Volunteer FLSA Collective Plaintiffs, at the mandatory minimum wage and/or overtime rates for their time spent working at special offsite events and festivals, as set forth in the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA for Plaintiff and the Volunteer FLSA Collective Plaintiffs.

48. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions with respect to Plaintiff and the Volunteer FLSA Collective Plaintiffs.

49. Plaintiff complained to Defendant about its unlawful payment practices.  However, rather than follow the law, Defendant instead retaliated against him.

50. Specifically, when Plaintiff had to take leave from work under the Family Medical Leave Act in the fall of 2015, Defendant took the opportunity of his absence to terminate him while he was out on leave, violating both the FMLA and the ant-retaliatory provision of the FLSA.

## CAUSES OF ACTION

## COUNT I:  COLLECTIVE ACTION CLAIM FOR FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

51. Plaintiff re-alleges and re-avers all previous paragraphs of the Collective Action Complaint as if fully set forth herein.

52. Plaintiff and the Overtime FLSA Collective Action Plaintiffs performed services as employees of Defendants in excess of 40 hours per week, but Plaintiff and the Overtime FLSA Collective Action Plaintiffs were not paid overtime at a rate of one and one-half times their actual hourly rate for these hours they worked for Defendant.

53. Plaintiff and the Overtime FLSA Collective Action Plaintiffs were, and are, entitled to be paid overtime for all hours worked in excess of 40 per week for Defendant at one and one-half times their actual rate of pay, inclusive of both their hourly rate and the hourly per diem rate they were paid.

54. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the Overtime FLSA Collective Action Plaintiffs in a manner in violation of the FLSA.

55. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

56. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Overtime FLSA Collective Action Plaintiffs at the federally mandated overtime rate for all hours Plaintiff and the Overtime FLSA Collective Action Plaintiffs worked in excess of 40 per week for Defendant when Defendant knew, or should have known, such was and is due.

57. Defendant has failed to properly disclose or apprise Plaintiff and the Overtime FLSA Collective Action Plaintiffs of their rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the Overtime FLSA Collective Action Plaintiffs have suffered lost compensation for time worked, plus liquidated damages.

59. Plaintiff and the Overtime FLSA Collective Action Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **COUNT II:  COLLECTIVE ACTION CLAIM FOR FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.***

60. Plaintiff re-alleges and re-avers all previous paragraphs of the Collective Action Complaint as if fully set forth herein.

61. Plaintiff and the Volunteer FLSA Collective Action Plaintiffs performed services as employees of Defendants at special offsite events and festivals, but Plaintiff and the Volunteer FLSA Collective Action Plaintiffs were not paid for these hours they worked for Defendant.

62. Plaintiff and the Volunteer FLSA Collective Action Plaintiffs were, and are, entitled to be paid for all hours worked for Defendant, including at their overtime rates of pay

12

for all hours in which their "volunteer" work meant that they worked in excess of 40 hours per week for Defendant.

63. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the Volunteer FLSA Collective Action Plaintiffs in a manner in violation of the FLSA.

64. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

65. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Volunteer FLSA Collective Action Plaintiffs in accordance with the provisions of the FLSA, when Defendant knew, or should have known, such payment was and is due.

66. Defendant has failed to properly disclose or apprise Plaintiff and the Volunteer FLSA Collective Action Plaintiffs of their rights under the FLSA.

67. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the Volunteer FLSA Collective Action Plaintiffs have suffered lost compensation for time worked, plus liquidated damages.

68. Plaintiff and the Volunteer FLSA Collective Action Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT III: INDIVIDUAL CLAIM FOR RETALIATION UNDER THE FLSA**

69. Plaintiff re-alleges and re-avers all previous paragraphs of the Collective Action Complaint as if fully set forth herein.

70. While working for Defendant, Plaintiff complained to Defendants about not being paid properly.

71. In response, Defendant retaliated against him in violation of 29 U.S.C. § 215(a)(3), in that Defendant terminated him.

72. Defendant's intentional and blatant retaliation against Plaintiff is in direct violation of the FLSA, which expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..."

## COUNT IV: INDIVIDUAL CLAIM FOR VIOLATION OF THE FMLA

73. While working for Defendant, Plaintiff broke his hand and was required to take leave pursuant to the Family Medical Leave Act of 1993 ("FMLA").

74. While he was out on leave, Defendant retained other employees to fill his position.

75. Although Plaintiff advised Defendant when he was eligible to return to work, Defendant did not respond.

76. Instead, Defendant terminated Plaintiff, claiming that he abandoned his job.

77. Defendant's actions are a blatant breach of its obligations under the FMLA.

## ATTORNEY'S FEES

78. The named Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the FLSA Collective Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

79. The named Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that are attached hereto as Exhibit "A".

## JURY DEMAND

80.     Plaintiff seeks a jury trial on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Overtime FLSA Collective Action Plaintiffs and the Volunteer FLSA Collective Action Plaintiffs, pray that judgment be entered in their favor and against Defendant in the following particulars:

   a.    Declaring that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

   b.    An injunction prohibiting Defendant from engaging in future minimum wage and overtime wage pay violations;

   c.    Awarding Plaintiff and the Overtime FLSA Collective Action Plaintiffs overtime compensation for the hours they worked for Defendants in excess of 40 per week at one and one-half the rate of their hourly rate of pay;

   d.    Awarding Plaintiff and the Overtime FLSA Collective Action Plaintiffs liquidated damages in an amount equal to the overtime wages award;

   e.    Awarding Plaintiff and the Overtime FLSA Collective Action Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   f.    Awarding Plaintiff and the Overtime FLSA Collective Plaintiffs pre-judgment

interest and all other interest to which they are entitled;

 g. Awarding Plaintiff and the Overtime FLSA Collective Action Plaintiffs all other relief to which they are entitled.

 h. Awarding Plaintiff all damages owed to him for Defendant's retaliation against him under the FLSA; and

 i. Awarding Plaintiff all damages owed to him for Defendant's violation of the FMLA.

 j. Awarding Plaintiff and the Volunteer FLSA Collective Action Plaintiffs minimum wage and overtime compensation for the hours they were forced to "volunteer" for Defendant;

 k. Awarding Plaintiff and the Volunteer FLSA Collective Action Plaintiffs liquidated damages in an amount equal to the overtime wages award;

 l. Awarding Plaintiff and the Volunteer FLSA Collective Action Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 m. Awarding Plaintiff and the Volunteer FLSA Collective Plaintiffs pre-judgment interest and all other interest to which they are entitled; and

 n. Awarding Plaintiff and the Volunteer FLSA Collective Action Plaintiffs all other relief to which they are entitled.

Respectfully Submitted,

/s/ Jody Forester Jackson
Jody Forester Jackson, ASB-1988-077J
JACKSON+JACKSON
2100 Southbridge Pkwy
Suite 650
Birmingham, AL 35209
T: (205) 414-7467
F: (888) 988-6499
E: jjackson@jackson-law.net

**PLEASE SERVE:**
Gulf Distributing Co. of Mobile, LLC
Through its registered agent:
Evan B. Maisel
3378 Moffett Road
Mobile, AL 36602