# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLYDE STOKES,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) **Civil Action No.:** |
| **GULF DISTRIBUTING CO. OF MOBILE, LLC,** | ) **1:17-cv-00443-WS-M** ) ) |
| **Defendant.** | ) ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Defendant Gulf Distributing Company of Mobile, LLC ("Defendant") and Plaintiff Clyde Stokes (collectively "the Parties") file this Joint Motion for Approval of Settlement Agreement pursuant to this Court's March 23, 2018 order (Doc. 27). The Parties ask the Court to issue an Order approving their Agreement for the compromise and dismissal of this matter, which includes claims brought by Plaintiff under the Fair Labor Standards Act ("FLSA") and represents a reasonable compromise of a disputed matter. In support of this Motion, the Parties state as follows:

### INTRODUCTION

1. This lawsuit was filed by Plaintiff under the FLSA and the Family and Medical Leave Act ("FMLA"). Plaintiff alleged that Defendant violated the FLSA by not paying draft technicians for all hours worked, including overtime, and by not paying employees to work at certain offsite events. Mr. Stokes also asserted that Defendant retaliated against him in violation of the FMLA and the FLSA. Defendant denied Plaintiff's allegations.

2. Magistrate Judge Milling ordered that Plaintiff answer several interrogatories related to his FLSA claim, that Defendant produce certain payroll records, and that the Parties meet in person "in a good-faith effort to settle all pending issues, including attorneys' fees and

costs." (Doc. 16).  Pursuant to that Order, Plaintiff provided responses, including the amount he believed he was owed in back wages under the FLSA (Doc. 17), and Defendant served on Plaintiff a copy of all time sheets and payroll records and a verified summary of all hours worked by Plaintiff during each relevant pay period, along with the rate of pay and wages paid, including overtime (Doc. 19).

3. Recognizing that this case is highly disputed, and acknowledging the expense in time and money of litigation, and the uncertainties and risk of litigation, the Parties entered into a Confidential Settlement Agreement and Release (the "Agreement") representing a fair and reasonable compromise of disputed claims.  Consistent with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties are seeking approval of the Agreement.

4. Submitted to the Court with the Parties' concurrently filed Joint Motion for Leave to File Agreement Under Seal is a copy of the fully executed Agreement (filed under seal) to which Plaintiff and Defendant have voluntarily consented.  The Parties request that the Court approve the Agreement, including the amounts set forth in Paragraph 3, in addition to all other essential terms of the Agreement.  In support of this joint request, Plaintiff submits that he is satisfied that he will be reasonably compensated under the terms of the Agreement for the alleged unpaid back wages and liquidated damages to which he contends he is entitled under the FLSA.  Plaintiff's counsel also assert that Plaintiff understands the Agreement and that Plaintiff consulted with counsel before agreeing to the Agreement, which he entered knowingly and voluntarily.

## **REASONABLENESS OF THE AGREEMENT**

5. FLSA settlements between the Parties must be approved by the Court (or the Department of Labor) as being fair and consistent with the purposes of the Act.  *Lynn's Food Stores*, 679 F.2d 1350.

6.     This Court should approve the Parties' Agreement as fair and consistent with the FLSA. The Parties represent that the amount of relief Plaintiff will receive under the Agreement amounts to full relief of alleged unpaid compensation, including overtime compensation, to which he would be entitled under the FLSA if he prevailed. The amount was calculated based on Plaintiff's representation in his Sworn Responses to the Court's Interrogatories to Plaintiff (Doc. 17-1) wherein Plaintiff represented that he believed "he is entitled to be paid $2,212.50 in unpaid overtime, plus an equal amount as liquidated damages and attorneys fees and costs for his unpaid overtime claim." (Doc.17-1 at 3). Even though Defendant's records (which were summarized in Doc. 19 and produced to Plaintiff) do not indicate any unpaid hours worked or unpaid overtime during the relevant time period, pursuant to the Agreement, Plaintiff will receive that entire amount for compensation for alleged unpaid wages and an equal amount as liquidated damages to settle his FLSA claims.

7.     The Parties also agree that Plaintiff's counsel are entitled to fees and expenses in the amount set forth in the Agreement. The amount of fees and expenses did not diminish the amount Plaintiff received as settlement for his FLSA claims. The amount of fees and expenses apportioned to the FLSA claim amounts to 20 hours at a rate of $250, which is eminently reasonable in the Mobile market.[1] The remainder of the amount of fees and expenses includes fees and expenses allocated to Plaintiff's FMLA retaliation claim. Defendant does not object to Plaintiff's counsel's fees and expenses set forth in the Agreement.

8.     The Parties have also agreed to keep the terms of the Agreement confidential. The confidentiality clause found in Paragraph 7 of the Agreement was mutually negotiated and is fair

---

[1] Plaintiff's counsel has been approved at an hourly rate of $300 in the New Orleans and Baton Rouge market. *See e.g.*, *Morales, et al. v. LMK Baton Rouge Construction, LLC*, et al., MDLA, No. 15-639 (Rec. Doc. 115, 116), Oct. 4, 2017.

and consistent with the purposes of the FLSA. The Agreement contains provisions wholly unrelated to the FLSA or to any other employee of the Defendant because the Agreement also settles Plaintiff's individual FMLA claim, and the Parties wish to keep those provisions confidential. Further, the public can ascertain the material terms of the Agreement related to the FLSA claim because this Motion contains those terms, including the amount of the FLSA settlement. Plaintiff's Complaint (Doc. 1), Defendant's Answer (Doc. 10), Plaintiff's Sworn Interrogatory Responses (Doc. 17), and Defendant's verified summary of all hours worked by Plaintiff and his rate of pay (Doc. 19), also provide the nature of Plaintiff's claims and Defendant's defenses. *See Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *5 (Feb. 14, 2013) (approving the confidential settlement agreement and noting "[b]y perusing the court file in this case, Congress and the public can readily obtain comprehensive information about the nature and strength of [the] claims, the amount of damages [Plaintiff] sought, and the specific amounts" for which the Parties settled. Under the circumstances, the public's rights are adequately protected.").

9. The Parties also mutually negotiated the release contained in Paragraph 1 of the Agreement, which is fair and consistent with the purposes of the FLSA. Beyond the claims settled in the Agreement, Plaintiff and his counsel are not aware of any other colorable claims that Plaintiff might have against Defendant. Further, Plaintiff "has a full understanding of what he is releasing in exchange for a settlement award." *Crabtree*, 2013 WL 593500 at *6 (quoting also *Hogan v. Allstate Beverage Co.*, 821 F.Supp.2d 1274, 1284–85 (M.D. Ala. 2011)). Finally, as was the case in *Crabtree*, Defendant contests any alleged FLSA liability (as is demonstrated in its verified summary of payroll records), and this is not a case in which "full compensation" is unquestionably owed. *Id.* Plaintiff decided "(with the full benefit of legal advice from their eminently qualified

counsel) to release all claims [he] had or might have (not just the FLSA claims) in exchange for the settlement payment from" Defendant. *See id.*

10. The Parties to this lawsuit have engaged in discovery regarding the claims asserted therein and have carefully evaluated the merits of the case. The Parties represent to the Court that their Agreement is fair, equitable, and reasonable, in compliance with the provisions and policies of the FLSA, and in the best interests of the Parties. The Parties, through their counsel, have conducted a thorough and diligent investigation into the facts of the case. In addition, the Parties' counsel certify that the settlement is in their clients' best interest, in light of all known facts, including the difficulty, expense, and uncertainty of litigation, viability of claims asserted by Plaintiff, the defenses asserted by Defendant, and the uncertainty of result and collection through continued litigation and appeal. The Parties have engaged in arms-length negotiations resulting in this settlement.

Accordingly, the Parties respectfully request that following review, the Court enter an order approving the settlement in this case as fair and reasonable.

Respectfully submitted,

*/s/ T. Matthew Miller*
T. Matthew Miller
V. Blair Druhan Bullock
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone: (205) 521-8000
mmiller@bradley.com
bbullock@bradley.com

*Attorneys for Defendant*
*Gulf Distributing Company of Mobile, LLC*

        */s/ Jody Forester Jackson* (with permission)
        Jody Forester Jackson, ASB-1988-077J
        JACKSON+JACKSON
        2100 Southbridge Pkwy
        Suite 650
        Birmingham, AL 35209
        T: (205) 414-7467
        F: (888) 988-6499
        E: jjackson@jackson-law.net

        -AND-

        Mary Bubbett Jackson *(pro hoc vice)*
        JACKSON+JACKSON
        201 St. Charles Avenue, Suite 2500
        New Orleans, Louisiana 70170
        T: (504) 599-5953
        F: (888) 988-6499
        E: mjackson@jackson-law.net

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Jody Forester Jackson
        JACKSON + JACKSON
        2100 Southbridge Parkway, Suite 650
        Birmingham, AL  35209
        jjackson@jackson-law.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        None.

        */s/ T. Matthew Miller*
        OF COUNSEL