# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLYDE STOKES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0443-WS-M |
| | ) |
| **GULF DISTRIBUTING CO. OF MOBILE, LLC,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement (doc. 29).[1]

## I. Procedural History.

Plaintiff, Clyde Stokes, by and through counsel, brought this action against his former employer, Gulf Distributing Company of Mobile, LLC. Stokes contended that Gulf Distributing

---

[1] Also pending is the parties' Joint Motion for Leave to File Agreement under Seal (doc. 28). In that Motion, the parties seek leave to file their Confidential Settlement Agreement and Release under seal pursuant to General L.R. 5.2. The Court recognizes that "a substantial body of authority has denounced the use of confidentiality clauses in FLSA settlements" because shielding the terms of settlement from the public effectively "thwart[s] the public's independent interest in assuring that employees' wages are fair." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, *4 (S.D. Ala. Feb. 14, 2013) (citation omitted). Here, however, the parties do not seek to conceal the terms of their settlement as it relates to plaintiff's FLSA claims; to the contrary, the material terms of that settlement are specified in a public filing (*see* doc. 29). Rather, the Motion requesting sealed status for the Settlement Agreement is focused on the portion of the settlement resolving plaintiff's non-FLSA claims. The compromise of those claims is not subject to judicial approval and does not implicate public interests in knowing specific terms of that settlement. Upon careful review of the Motion, the Court agrees that the terms of the parties' FLSA settlement are adequately set forth in public documents in the court file, thereby protecting the public's independent interest in assuring fair wages. As to the settlement of plaintiff's non-FLSA claims, the parties' interest in preserving the confidentiality of those terms outweighs any public interest in accessing same. Because the parties have struck the appropriate balance between confidentiality and public access, the Joint Motion for Leave to File Agreement under Seal (doc. 28) is **granted**. The Confidential Settlement Agreement and Release (doc. 30) shall be maintained **under seal** by the Clerk of Court.

violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by failing to pay him overtime compensation as required by the statute. In particular, Stokes alleged that he "regularly and routinely worked in excess of 40 hours per week" during the period of his employment by Gulf Distributing, but that Gulf Distributing "failed to pay overtime as a company policy." (Doc. 1, ¶¶ 35-36.) Stokes further alleged that Gulf Distributing violated the FLSA's overtime provisions by requiring Stokes "to work during special offsite events, including festivals," for which Gulf Distributing "treated him as 'volunteer' and did not pay him at all for this work." (*Id.*, ¶¶ 42-43.) According to the well-pleaded allegations of the Complaint, Stokes worked for Gulf Distributing from April 2014 until October 2015. (*Id.*, ¶¶ 30-31). In addition to his FLSA claims, Stokes asserted a claim under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), alleging that Gulf Distributing filled Stokes' position while he was out on FMLA leave with a broken hand, and terminated his employment when he became eligible to return to work.

In its Answer (doc. 10), Gulf Distributing denied having violated the FLSA or FMLA in any respect. It denied Stokes' allegations of failing to pay him overtime compensation for hours worked in excess of 40 in a given workweek, and further denied Stokes' allegations that he had been required to work at special events as an unpaid "volunteer." Significantly, Gulf Distributing relied on verified payroll records showing that Stokes never had any unpaid hours worked or unpaid overtime hours during the entire period of his employment with defendant. (Doc. 19.)

Despite their substantial disagreements as to whether Gulf Distributing violated the FLSA in its compensation practices concerning Stokes, the parties, by and through their respective counsel of record, diligently engaged in good-faith, arm's-length early settlement negotiations (including limited discovery and exchange of information) spanning a period of several months. (*See* docs. 20, 22, 24.) On March 23, 2018, the parties filed a Joint Report (doc. 26) in which they announced that they had reached agreement as to all claims brought by Stokes, including his claims under the FLSA and FMLA, as well as fees and costs. In light of these developments, and as required by applicable law, the parties now seek judicial approval of their proposed settlement.

**II.     Analysis.**

   *A.     Statutory Requirement of Judicial Approval of FLSA Settlements.*

In the overwhelming majority of civil actions brought in federal court, settlements are not subject to judicial oversight, scrutiny or approval. However, FLSA settlements must be handled differently. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp.2d 1346, 1348 (M.D. Fla. 2010) ("Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions."). This is because "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Despite this general rule, an employer and an employee may settle a private FLSA suit under the supervision of the district court" where there is a "bona fide dispute over FLSA coverage." *Hogan v. Allstate Beverage Co.*, 821 F. Supp.2d 1274, 1281 (M.D. Ala. 2011). The mechanics of such a settlement are that "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353.

Where, as here, a district court is asked to approve an FLSA settlement between private litigants, the court's responsibility is to ascertain whether the parties' negotiated resolution comports with the statute's terms. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) ("[t]he purposes of the FLSA are undermined whenever an employer is allowed to escape liability for violations of the statute"); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp.2d 618, 622-23 (E.D. Va. 2011) ("the reason judicial approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim does not undermine the statute's terms or purposes"). A settlement may be approved upon confirmation that "employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp.2d at 1282. Thus, the touchstone of the inquiry is whether the proposed settlement "constitutes a fair and reasonable compromise of a *bona fide* FLSA dispute." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, *3 (S.D. Ala. Feb. 14, 2013).

The caveat to such judicial oversight is that "[i]n reviewing FLSA settlements under *Lynn's Food*, courts should be mindful of the strong presumption in favor of finding a settlement fair." *Parker v. Chuck Stevens Chevrolet of Atmore, Inc.*, 2013 WL 3818886, *2 (S.D. Ala. July

23, 2013) (citations and internal quotation marks omitted); *see also Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7307626, *2 (N.D. Ga. Feb. 11, 2011) (recognizing "strong presumption" that FLSA settlements are fair and reasonable). Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Management Co.*, 715 F. Supp.2d 1222, 1227 (M.D. Fla. 2009).

B. *Fairness/Reasonableness of Settlement.*

The parties' filings reflect that this action does, indeed, involve a *bona fide* FLSA dispute as to whether Stokes was owed any unpaid overtime compensation under the FLSA and, if so, how much. The information before the Court at this time supports a determination that the validity of plaintiff's FLSA claims is actually, reasonably contested by Gulf Distributing, thereby giving rise to the possibility of a *Lynn's Food* compromise of those disputed claims.

Against this backdrop of litigation uncertainty, the parties negotiated a settlement to resolve these FLSA claims in their entirety. In his Sworn Responses to Court Interrogatories, Stokes set forth his position that he is "entitled to recover 6 hours of overtime pay per week, plus 42 hours of unpaid time for his 'volunteer' work, which … should be paid at his overtime rate of pay." (Doc. 17-1, at #6.d.) Upon performing the relevant arithmetic, Stokes indicated in the same document that the sum total of the relief he sought under the FLSA was "$2,212.50 in unpaid overtime, plus an equal amount as liquidated damages." (*Id.* at #6.e.) Defendant has agreed to pay those entire sums to plaintiff to settle his FLSA claims. Indeed, the Settlement Agreement and Release confirms that Gulf Distributing will pay Stokes the sum of $2,225.00 for unpaid overtime, plus an additional $2,225.00 for liquidated damages. (Doc. 30, ¶ 3.a.) Defendant will also pay Stokes an additional amount to settle his non-FLSA claims, and a further sum for attorney's fees and costs in connection with all of Stokes' claims.

In conducting the mandatory *Lynn's Food* fairness review of the proposed settlement, the Court finds that numerous factors favor approval here. First, the court file reflects that this settlement was the product of arm's-length, good-faith negotiations, with each side represented by counsel and exchanging information to facilitate the informed evaluation of settlement proposals for a period of months. Second, and importantly, this agreement would result in Stokes receiving more than 100 cents on the dollar for his FLSA claims. Third, while attorney's

fee settlements in FLSA cases may be problematic for a *Lynn's Food* analysis where the attorney's fee payment adversely impacts the plaintiff's recovery, there is no indication and no reason to believe that such is the case here. Based on these considerations, the Court has no qualms or reservations about approving this settlement as fair and reasonable to Stokes. Specifically, the undersigned is satisfied that the parties' agreed-upon settlement is a fair and reasonable resolution of a *bona fide* dispute as to the FLSA causes of action, for purposes of *Lynn's Food* and its progeny. The proposed attorney's fee award to plaintiff's counsel elicits no concerns that counsel is being compensated inadequately or that a conflict of interest has tainted the amount received by Stokes (*i.e.*, that Stokes' recovery on his FLSA claims has been adversely affected by the amount of fees paid to his attorneys). As a result of the parties' agreement, no uncontested wages will remain unpaid. In short, and with due regard for the strong presumption in favor of finding FLSA settlements reasonable when negotiated by competent counsel in an adversary context, the Court concludes that the proposed settlement represents a fair deal to resolve and settle Stokes' FLSA claims.

**III. Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. The parties' Joint Motion for Leave to File Agreement under Seal (doc. 28) is **granted**, and the Settlement Agreement and Release (doc. 30) shall be maintained **under seal** by the Clerk of Court;

2. The parties' Joint Motion for Approval of Settlement Agreement (doc. 29) is **granted**, and the settlement of Stokes' FLSA claims is **approved** as fair and reasonable pursuant to the analysis required by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); and

3. To effectuate the terms of the parties' Settlement Agreement and Release, this action is **dismissed with prejudice** on settlement pursuant to Rule 41(a), Fed.R.Civ.P.

DONE and ORDERED this 19th day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE